## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 22-cr-00243-CKK** |
| | **:** | |
| **COLE TEMPLE** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Mr. Cole Temple, by and through his attorneys, Michael E. Lawlor, and Brennan, McKenna & Lawlor, Chtd., submits this memorandum in support of the arguments to be presented at the time of sentencing.

This memorandum focuses on Mr. Temple's personal history and characteristics, including age, employment history, and lack of criminal record; his acceptance of responsibility and remorse; and the support he enjoys from his family and community. Mr. Temple respectfully asks that this Court consider this information in fashioning a sentence of probation with the condition that he engage in community service.

### I.    Introduction

Mr. Temple was charged in a four-count criminal information for alleged offenses related to the storming of the U.S. Capitol on January 6, 2021. Specifically, on July 15, 2022, Mr. Temple was charged with Entering and Remaining in a Restricted Building, in violation of U.S.C. § 1752(a)(1) ("Count One"); Disorderly

and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2) ("Count Two"); Violent Entry and Disorderly Conduct and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) ("Count Three"); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) ("Count Four").

Mr. Temple was arrested on August 19, 2021 and was released on conditions of pretrial supervision in the North District of Ohio. On August 25, 2021, he made his initial appearance in the District of Columbia and was again released on pretrial conditions. Mr. Temple has remained in the community, and has been compliant with all conditions of supervision for a period of 20 months.

On October 5, 2022, Mr. Temple appeared before this Honorable Court, and pleaded guilty to Count Four of the Information, which charges him with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Sentencing is currently scheduled for April 24, 2023. Mr. Temple respectfully submits this memorandum in support of his request for a sentence of probation.

## II.   <u>Sentencing Guideline Considerations & Mr. Temple's Lack of Criminal History</u>

Pursuant to USSG §1B1.9, the United States Sentencing Guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.

The parties agree that Mr. Temple comes before the Court with no prior juvenile or adult criminal history – arrests or convictions.

### III.   A Reasonable Sentence in this Case

The Supreme Court has said that the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (*quoting Koon v. United States*, 518 U.S. 81, 113 (1996)). This Court must make an "individualized assessment" of the sentencing warranted by §3553(a) "based on facts presented" and "may not presume that the Guidelines range is reasonable." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008).   The deference granted to a district court's determination springs from its "singular advantage of actual and extensive sentencing experience," as well as "its familiarity with the individual case and the individual defendant before it." *Id*. at 170.

Here, when considering all relevant factors, a sentence of probation is sufficient punishment for Mr. Temple's criminal conduct, but not greater than necessary.

### A. Mr. Temple's Personal History & Characteristics

In 18 U.S.C. § 3553(a)(1), Congress has directed that district courts consider a criminal defendant's "history and characteristics" to determine whether a sentence

is sufficient, but not greater than necessary to promote the purposes of sentencing. *United States v. Holmes*, No. CR 02-24, 2021 WL 1518336, at *9 (D.D.C. Apr. 16, 2021). The United States Court of Appeals for the District of Columbia Circuit has held that a "district court *must* take into account all relevant facts related to a defendant's 'history and characteristics.'" *United States v. Delaney*, 651 F.3d 15, 16 (D.C. Cir. 2011) (emphasis added) (citing 18 U.S.C. § 3553(a)(1)). When considered in the context of his young life, Mr. Temple's history and characteristics weigh heavily in favor of a non-custodial sentence.

Mr. Temple comes before the Court at 22 years of age.  He has no prior criminal convictions, juvenile or adult, and no prior arrests.  PSR ¶¶ 23-28.

On March 30, 2000, Mr. Temple was born in Toledo, Ohio to Josh Temple and Jodi Wilson. PSR ¶ 30. Mr. Temple's parents divorced when he was approximately 13 years old. Although Mr. Temple looks back on his childhood fondly, the period of his life during his parents' divorce was extremely difficult for him. That transition, which occurred during a very pivotal period of his early adolescence, was very challenging for him. Mr. Temple's father was described as a heavy drinker, and had no contact with his children for a few months around the time of Mr. Temple's parents' divorce. During this time, Mr. Temple participated in therapy to help him cope with these significant challenges.

4

Despite these challenges, Mr. Temple achieved all normal milestones during his upbringing. He reported having a strong bond with his mother and siblings, and he maintained positive and supportive relationships with members of his extended family. Mr. Temple graduated from Swanton High School in 2019. In his school years, Mr. Temple played both basketball and soccer. Mr. Temple attended Owens Community College in 2019 and 2022, where he studied marketing and business.

Mr. Temple has maintained employment throughout his young adult life. In 2017 and 2018 he worked as a roofer for GA Wilson Builders. He attended Penta Career Center studying construction and carpentry. Since March 2022, Mr. Temple has maintained employment as a waiter at Loma Linda's Restaurant in Swanton, Ohio.

Mr. Temple is described as a kind young man, who cares for his family and community. Despite his sense of remorse for his offense conduct in this case, it is important to point out that Mr. Temple came to the Nation's Capital on January 6, 2021 with genuinely held political beliefs. Those beliefs were impressed on him by many different individuals, including members of his community, the national media, and numerous elected officials of his political party. While certainly not an excuse for his conduct, Mr. Temple's immaturity and impressionability led him to Washington D.C. on January 6, 2021.

Mr. Temple will address this Court at sentencing to show the Court that he has accepted responsibility for his role in the events of January 6 and to express his promise to live a law-abiding life in the future. Contrary to the Government's submission, a custodial sentence is not necessary to achieve deterrence in this case. Mr. Temple has been deeply affected by being charged and convicted of a federal criminal offense. As someone who has never been in trouble with the law at any point in his life, this case has truly been an eye-opening experience for Mr. Temple. Mr. Temple has done everything in his ability to atone for his conduct and to respond to these charges in the most positive way possible. He will never engage in similar conduct again, and this Court should feel comfortable imposing a sentence that does not require incarceration.

### B.  Need to Avoid Unwarranted Sentencing Disparities

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Williams*, 773 F.3d 98, 108 (D.C. Cir. 2014) (citing 18 U.S.C. § 3553(a)(6). In this case, a sentence of probation, or in the alternative a period of home incarceration, with conditions of community service addresses that consideration.

Judges of this Court have imposed similar sentences for January 6 defendants who, like Mr. Temple, accepted responsibility and pled guilty to violations of 40 U.S.C. § 5104(e)(2)(G).

On January 5, 2021, Mr. Temple traveled to the District of Columbia with his mother, Jodi Wilson, and two friends, Gabriel Burress and Madison Pettit. While each case has its own unique circumstances, Mr. Temple respectfully submits that the sentences imposed against related defendants, Burress and Pettit, are instructive for this Court when imposing a just sentence in this case.

Like Burress and Pettit, Mr. Temple has accepted responsibility and entered a guilty plea to a violation of 40 U.S.C. § 5104(e)(2)(G). Both Burress and Pettit received a sentence of 45 days of home confinement, followed by 18 months of probation, $500 restitution, and 60 hours of community service. As noted in the PSR's sentencing recommendation, while Mr. Temple's conduct was serious, his culpability "appears to be more than minimal with respect to" other rioters. *See* ECF Dkt. No. 77. For Mr. Temple, a young man with no criminal history who has timely and completely accepted responsibility for his conduct, a sentence of a period of probation, or in the alternative a period of home confinement, with conditions of community service is appropriate.

### C. Acceptance of Responsibility and Remorse

Mr. Temple accepted responsibility before this Court with a genuine desire to atone for his conduct on January 6, 2021 and move past this shameful period of his life. Mr. Temple has taken the time to write to this Court to express his genuine sense of remorse in advance of sentencing in this case. *See* Exhibit A.

In Mr. Temple's letter he writes that he could not be more regretful for his behavior and conduct on January 6, 2021. He writes, "I became a follower" and that he knows what he did was wrong. Mr. Temple knows that there are no excuses for his conduct on that date, and he takes full responsibility for his actions. In advance of sentencing, Mr. Temple respectfully asks this Court to consider his genuine acceptance of responsibility, and his 20 months of compliance with the Court's orders while on pretrial release.

### D. Support of Family & Community

Mr. Temple stands before the Court with a tremendous network of family and friends, who all support and love him dearly. Those closest to Mr. Temple have written letters to the Court expressing their love and admiration for the man that stands ready for sentencing. *See* Exhibit B. It is clear from the attached letters that Mr. Temple is a loving family member and friend and a kind, good-natured person. Those closest to Mr. Temple know that he is genuinely remorseful, and that the offense conduct in this case is not a true reflection of Mr. Temple as a person. Mr.

Temple asks this Court to consider this support when imposing its sentence in this case.

## IV.   <u>**Conclusion**</u>

In light of the above, Mr. Temple respectfully requests that this Court exercise leniency in its ultimate resolution of this matter and consider Mr. Temple's personal history and characteristics, his acceptance of responsibility and remorse, and the tremendous support he enjoys from his family.

Respectfully submitted,

s/_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland  20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2023, a copy of the foregoing was electronically filed, with a copy sent to counsel for the United States Attorney's Office for the District of Columbia.

s/_____
Michael E. Lawlor
